UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
VINCENT CARAVELLA,

                    Plaintiff,

      - against -

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
----------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-3192 (SJF)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ OCT 19 2012 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

I.    Introduction

On July 5, 2011, pro se plaintiff Vincent Caravella ("plaintiff") commenced this action seeking judicial review of the determination of defendant Commissioner of Social Security (the "Commissioner" or "defendant") that he is ineligible for a waiver of the obligation to repay an overpayment of disability insurance benefits. [Docket No. 1]. Defendant has filed a motion to reverse the Commissioner's decision and remand the case to the Social Security Administration ("SSA") for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) upon the basis that the administrative law judge ("ALJ") failed to apply the correct legal standards in finding that plaintiff was not without fault in causing the overpayment. [Docket Entry No. 15]. Plaintiff has filed an opposition to defendant's motion that is construed as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. [Docket Entry No. 17].

For the reasons that follow, plaintiff's motion is DENIED, defendant's motion is GRANTED, and the case is REMANDED to the SSA for further proceedings.

1

II.  Background

Plaintiff applied for disability insurance benefits on January 7, 2002, and defendant determined that plaintiff was entitled to benefits on October 15, 2003. Administrative Record [Docket Entry No. 18] ("Tr.") at 56-62, 87-89. On July 21, 2008, defendant issued a determination that: (1) plaintiff completed his nine (9) month trial work period; (2) his disability thus ended as of December 2006; and (3) he was not entitled to disability benefits as of March 2007. Tr. 246-51. Because plaintiff continued to receive benefits until July 2008, defendant demanded that plaintiff repay $16,696.00 in overpayments. Tr. 247-48.

On August 11, 2008, plaintiff requested that defendant waive collection of the overpayment, arguing that the overpayment was not his fault and that he could not afford to repay the money. Tr. 252-59. Plaintiff argued that he was without fault in causing the overpayment because his failure to notify defendant of his work status and earnings was due to a good faith reading of the pamphlet provided to him by defendant explaining the rules governing his disability benefits. Id. On September 13, 2008, defendant denied plaintiff's overpayment waiver request, finding that plaintiff was not without fault in causing the overpayment because he failed to notify defendant that he returned to work. Tr. 260-63.

Plaintiff appeared before a claims representative on October 16, 2008 for a personal conference regarding his request for a waiver. Tr. 265-66. On November 19, 2008, the claims representative issued a determination finding that plaintiff was not without fault in causing the overpayment because plaintiff withheld information that he was obligated to disclose and that plaintiff should have known was material. Tr. 265-66. Defendant subsequently notified plaintiff that it would not waive the overpayment, and plaintiff requested a hearing. Tr. 267-69.

2

Plaintiff appeared with an attorney at a hearing before an ALJ on September 10, 2009. Tr. 309-42. By decision dated September 29, 2009, the ALJ found that plaintiff was not without fault in causing the overpayment because he "failed to provide [defendant] with timely notice of his work and earnings for 2005 on." Tr. 17-23. The Appeals Council denied plaintiff's request for review on April 27, 2011, making the ALJ's decision the final decision of the Commissioner. This action followed.

II.     Discussion

Upon review of the final decision of the Commissioner, a court may enter judgment "affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Generally, in reviewing a final decision of the Commissioner, the court "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." Butts v. Barnhart, 388 F.3d 377, 384 (2d Cir. 2004). Plaintiff's motion for judgment on the pleadings requires only a determination of whether application of the correct legal standards to the current record mandates the conclusion that plaintiff is entitled to a waiver. Because defendant has not moved to affirm the final decision of the Commissioner, it is not necessary to determine whether the ALJ's denial of the waiver was supported by substantial evidence and the application of the correct legal standards.

Whenever the Commissioner finds that an overpayment has been made to an individual, the Commissioner may recover the overpayment unless the individual shows that (1) he is "without fault" in causing the overpayment and (2) recovery would defeat the purpose of Title II of the Social Security Act or would be against equity and good conscience. 42 U.S.C. § 404(a)-(b); 20 C.F.R. § 404.506; see also Langella v. Bush, 161 F. App'x 140, 141 (2d Cir. 2005) ("[I]f

3

the Commissioner's finding that the claimant was not without fault is supported by substantial evidence, there is no need to consider whether recovery of the overpayments would defeat the purpose of Title II or would be against equity and good conscience, since those factors come into play only if the recipient is without fault.") (internal quotation marks omitted).

An individual is not without fault if the overpayment resulted from:

(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or (b) Failure to furnish information which he knew or should have known to be material; or (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507. In assessing the individual's fault, the SSA is required to consider "all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) the individual has." Id. However, the Second Circuit interprets 20 C.F.R. § 404.507 "liberally, making it relatively easy for the [Commissioner] to recover an overpayment: 'No showing of bad faith is required; rather, an honest mistake may be sufficient to constitute fault.'" Barone v. Bowen, 869 F.2d 49, 51 (2d Cir. 1989) (quoting Center v. Schweiker, 704 F.2d 678, 680 (2d Cir. 1983)).

The record does not contain substantial evidence in support of a finding that plaintiff was without fault and is entitled to a waiver. Plaintiff argues that his failure to notify defendant of his return to work and to report his earnings stemmed from his understanding of the pamphlet provided to him by defendant. However, defendant has shown that plaintiff's understanding was "based on an incomplete and erroneous reading of the publication." Memorandum of Law in Support of Defendant's Motion for Remand for Further Administrative Proceedings [Docket

Entry No. 16] at 10. The pamphlet stated that "a 'trial month' is any month in which you earn over $560 in gross wages, (regardless of the amount of time worked) or spend 40 hours in your own business (regardless of the amount of earnings)." Tr. 25. The pamphlet further directs beneficiaries to "tell [SSA] if you take a job or become self-employed no matter how little you earn." Tr. 290 (emphasis in original). Plaintiff also agreed in his application for disability benefits to notify SSA "if [he] go[es] to work whether as an employee or a self-employed person." Tr. 88. The current record thus does not support a finding that plaintiff did not fail to provide information that he should have known to be material. Accordingly, plaintiff's motion for judgment on the pleadings is denied.

As stated above, defendant has not moved to affirm the final decision of the Commissioner denying plaintiff's request for a waiver. Instead, defendant requests that the case be remanded for further administrative proceedings for the following reasons: (1) the ALJ's finding that plaintiff was not without fault is ambiguous due to the ALJ's statement that "[t]he undersigned finds that [plaintiff], at best, misinterpreted or overlooked salient sections of the pamphlet received and concludes that he was not knowingly or intentionally at fault"; (2) the ALJ did not discuss plaintiff's age, intelligence, education, and medical condition in his determination that plaintiff was not without fault; (3) the ALJ failed to assess plaintiff's credibility, despite Second Circuit caselaw requiring that such a finding be made when pertinent to the determination of fault; and (4) the ALJ relied on incorrect figures in determining plaintiff's ability to repay. Def. Memo. at 9-10.

Remand for further administrative proceedings is generally "appropriate where there are gaps in the administrative record or the ALJ has applied an improper legal standard." Kirkland

v. Astrue, No. 06-CV-4861, 2008 WL 267429, at *8 (E.D.N.Y. Jan. 29, 2008). However, as no motion to affirm the final decision of the Commissioner is pending, it is unnecessary to determine whether this standard is met here. Accordingly, defendant's motion is granted.

III. CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion to reverse the final decision of the Commissioner and remand the case for further administrative proceedings is granted.

On remand, the Commissioner shall: (1) explain his determination as to plaintiff's fault with sufficient specificity for the Court to review whether the determination is supported by substantial evidence and whether the correct legal standard was applied; (2) make specific findings as to whether plaintiff's age, intelligence, education, and medical condition are relevant to the determination of plaintiff's fault; (3) make specific findings as to plaintiff's credibility, if relevant to the determination of plaintiff's fault; and (4) make specific findings as to whether plaintiff is able to repay, if plaintiff is found to have been not without fault.

The Clerk of the Court is respectfully directed to enter judgment accordingly and close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: October 19, 2012
Central Islip, New York